# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HOLMES, | Case No. 1:21-cv-01367-JLT-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| PEREZ, *et al.*, | (ECF Nos. 1, 11, 13) |
| Defendants. | **FOURTEEN (14) DAY DEADLINE** |

**I.  Background**

Plaintiff Robert Holmes ("Plaintiff") is a former state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

On January 7, 2022, the Court screened Plaintiff's complaint and found that Plaintiff stated cognizable claims against Defendants Perez and Rocha for excessive force in violation of the Eighth Amendment, but failed to state any other cognizable claims against any other defendants. (ECF No. 11.)  The Court ordered Plaintiff to either file a first amended complaint or notify the Court of his willingness to proceed only on the cognizable claims identified by the Court. (*Id.*)  On January 27, 2022, Plaintiff notified the Court of his willingness to proceed on the cognizable claims identified by the Court. (ECF No. 13.)

///

///

## II. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### A. Allegations in Complaint

Plaintiff is currently out of custody. At the time of the events alleged in the complaint, Plaintiff was incarcerated and housed at California State Prison at Corcoran, California ("Corcoran"). Plaintiff names as defendants: (1) Perez, Correctional Officer; (2) Rocha, Correctional Officer; (3) Ken Clark, Warden; and (4) J. Ceballos, CCII Appeals Coordinator.

In claim 1, Plaintiff alleges excessive force in violation of the Eighth Amendment. On January 22, 2020, Plaintiff was transferred to Corcoran from Atascadero State Hospital. Plaintiff was placed in a holding cell in the correctional treatment center and waited for an escort to 3A facility. Defendants Perez and Rocha arrived to escort Plaintiff. Plaintiff immediately informed

2

both officers he was having a mental episode and was feeling suicidal and homicidal. Plaintiff asked to see a mental health clinician. Defendants Perez and Rocha denied his request. Plaintiff was handcuffed and taken outside of the correctional treatment center, and the officers repeatedly punched Plaintiff's face and head and slammed Plaintiff face first into the ground while Plaintiff was handcuffed. They kicked Plaintiff several times in the head and ribs, breaking his left 10th rib. After the assault, Plaintiff was still denied proper medical attention for 24 hours and further denied the opportunity to see mental health care. The officers left him unattended without care, locked in a cell suffering in pain from the assault.[1]

In claim 2, Plaintiff alleges retaliation. Plaintiff was left in his cell on January 22, 2020 after the assault and he was suffering in pain for over 24 hours with a broken rib and other contusions and abrasions Plaintiff received from the body slam and multiple punches and kicks. Plaintiff was seen by RN Linda Ortega on January 23, 2020. He told her he was in pain and depressed. He was still not seen by mental health on January 23, 2020. Plaintiff suffered mental fear and traumatization from being beaten by Correctional Officers Perez and Rocha for asking to see a mental health clinician.

In claim 3, Plaintiff alleges a Due Process violation for loss of his 602 grievance and obstructing the exhaustion of his administrative remedies. Plaintiff's January 28, 2020 grievance CSPC-2-20-354 was accepted and lodged for first level review with a due date of March 11, 2020. On March 12, 2020, the appeals coordinator filed an exceptional delay review with a new due date of April 24, 2020. On April 24, 2020, another exceptional delay was sent with a new due date of June 8, 2020. On October 7, 2020, Plaintiff filed a 602 regarding the failure to answer CSPC-2-20-354. The Appeals Department rejected this 602 and failed to answer or request further delay. Plaintiff alleges that without further extensions on 2020 grievance CSPC-2-20-354, CDCR forfeits Plaintiff's claims.

///

---

[1] Plaintiff's complaint did not check the box for "medical care" as a claim for relief. In fact, Plaintiff specifically struck out and interlineated the word "no" next to the "medical care" claim. Accordingly, the Court does not screen a claim for deliberate indifference to medical care.

As remedies, Plaintiff requests monetary damages of $1.2 million for pain, suffering and mental anguish.

### B.     Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983, except as stated below.

#### 1.     Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57.

Although Plaintiff's complaint is short, it is not a plain statement of his claims.  As a basic matter, except for the excessive force claims, the complaint does not clearly state what happened, when it happened or who was involved.  Plaintiff's allegations must be based on fact and not speculation.

#### 2.     Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's

4

affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff fails to allege what each named defendant did or did not do that violated his constitutional rights, except as discussed below.

### 3. Supervisor Liability

Plaintiff is attempting to impose liability against Defendant Warden, or any other supervisor, based on his role as supervisor, which Plaintiff may not do. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676−77; *Simmons v. Navajo Cty., Ariz.,* 609 F.3d 1011, 1020−21 (9th Cir. 2010); *Ewing v. Cty. of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205−06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009).

Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970). To prove liability for an action policy, the plaintiff "must . . . demonstrate that his deprivation resulted from an official policy or custom established by a . . . policymaker possessed with final authority to establish that policy." *Waggy v. Spokane Cty. Wash.*, 594 F.3d 707, 713 (9th Cir. 2010). A supervisor may be held liable if he implements a "policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal quotation marks and citation omitted). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement

of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff has failed to allege direct participation in the alleged violations. Plaintiff has failed to allege the causal link between Defendant Warden and the claimed constitutional violation which must be specifically alleged. He does not make a sufficient showing of any personal participation, direction, or knowledge on the Defendant Warden's part regarding any other prison officials' actions. Plaintiff has not alleged that the defendant personally participated in the alleged deprivations. In addition, it is unclear what the policy is that is purportedly at issue. Plaintiff has failed to "demonstrate that his deprivation resulted from an official policy or custom established by a . . . policymaker possessed with final authority to establish that policy." At best, Plaintiff is attempting to impose liability against the defendant based simply on his supervisory role.

### 4.  Eighth Amendment – Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury . . . [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986)). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials.

*See Whitley*, 475 U.S. at 321–22.

Liberally construing the allegations, Plaintiff has stated a cognizable claim against Defendants Perez and Rocha during the escort on January 22, 2020 outside of the correctional treatment center.

### 5. First Amendment – Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Silva v. Di Vittorio,* 658 F.3d 1090, 1104 (9th Cir. 2011); *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F. 2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Silva*, 658 at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

As currently alleged, the complaint lacks sufficient factual matter to state a plausible claim for relief. Critically, Plaintiff's allegations do not demonstrate that actions taken by defendants in any way chilled the exercise of his First Amendment rights.

### 6. Processing of Appeals

Plaintiff does not have a constitutionally protected right to have his appeals accepted or processed. *Ramirez v. Galaza,* 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. *See also Givens v. Cal. Dep't of Corrs. & Rehab.,* No. 2:19-cv-0017 KJN P, 2019 WL 1438068, at *4 (E.D. Cal. Apr. 1, 2019) ("California's regulations grant prisoners a purely procedural right: the right to have a prison appeal.") Therefore, prison officials are not required by federal law to process inmate appeals or grievances in a particular way. Consequently, the failure or refusal to

1  process a grievance or the denial, rejection, or cancellation of a grievance does not violate any

2  constitutionally protected right.  *See Rushdan v. Gear*, No. 1:16-cv-01017-BAM (PC), 2018 WL

3  2229259, at *6 (E.D. Cal. May 16, 2018); *Givens*, 2019 WL 1438068, at *4; *Wright v. Shannon*,

4  No. 1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's

5  allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable

6  claim under the First Amendment).  As a result, Plaintiff may not impose liability on a defendant

7  simply because the defendant played a role in processing Plaintiff's inmate appeals or grievances.

8  Plaintiff has failed to state a cognizable § 1983 claim against Defendant Ceballos arising out of

9  Defendant's handling or processing of Plaintiff's administrative appeal.

**7.   Regulations and Prison Policies**

11      The complaint is unclear, but Plaintiff may be attempting to bring claims for violation of

12  regulations or prison policies.  However, Section 1983 only provides a cause of action for the

13  deprivation of federally protected rights.  "To the extent that the violation of a state law amounts

14  to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal

15  Constitution, [s]ection 1983 offers no redress."  *Sweaney v. Ada Cty., Idaho*, 119 F.3d 1385, 1391

16  (9th Cir. 1997) (quoting *Lovell v. Poway Unified Sch. Dist*., 90 F.3d 367, 370 (9th Cir. 1996));

17  *see Davis v. Kissinger*, No. CIV S-04-0878-GEB-DAD-P, 2009 WL 256574, *12 n. 4 (E.D. Cal.

18  Feb. 3, 2009).  Nor is there any liability under § 1983 for violating prison policy.  *Cousins v.*

19  *Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting *Gardner v. Howard*, 109 F.3d 427, 430

20  (8th Cir. 1997)).  Thus, the violation of any state law or regulation that reaches beyond the rights

21  protected by the federal Constitution and/or the violation of any prison regulation, rule or policy

22  does not amount to a cognizable claim under federal law, nor does it amount to any independent

23  cause of action under § 1983.

**III.   Conclusion and Recommendation**

25      Based on the above, the Court finds that Plaintiff's complaint states cognizable claims

26  against Defendants Perez and Rocha for excessive force in violation of the Eighth Amendment

27  for the incident on January 22, 2020 outside of the correctional treatment center at Corcoran.

28  However, Plaintiff's complaint fails to state any other cognizable claims for relief against any

other defendants.

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint, filed September 13, 2021, (ECF No. 1), against Defendants Perez and Rocha for excessive force in violation of the Eighth Amendment; and

2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

* * *

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 28, 2022**            /s/ Barbara A. McAuliffe         _
                                         UNITED STATES MAGISTRATE JUDGE