# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HOLMES,<br><br>             Plaintiff,<br><br>     v.<br><br>PEREZ, *et al.*,<br><br>             Defendants. | Case No. 1:21-cv-01367-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.     Background**

Plaintiff Robert Holmes ("Plaintiff") is a former state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 28, 2022, the undersigned issued findings and recommendations recommending that this action proceed on Plaintiff's complaint, filed September 13, 2021, against Defendants Perez and Rocha for excessive force in violation of the Eighth Amendment and all other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.  (ECF No. 14.)  Plaintiff was directed to file any objections within fourteen days of service of the findings and recommendations.  (*Id.* at 9.)

Plaintiff filed a notice of change of address on January 31, 2022.  (ECF No. 15.)  The findings and recommendations were re-served on Plaintiff at his new address the same date.

1

However, on February 11, 2022, the findings and recommendations that were served on Plaintiff's new address were returned as "Undeliverable, Attempted-Not Known, Unable to Forward." Plaintiff has not responded to the Court's findings and recommendations, filed a new notice of change of address, or otherwise communicated with the Court.

**II.     Discussion**

Plaintiff is required to keep the Court apprised of his current address at all times. Local Rule 183(b) provides:

> **Address Changes.**  A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address.  If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[1]

Plaintiff's address change was due no later than April 15, 2022.  Plaintiff has failed to file a change of address and he has not otherwise been in contact with the Court.  "In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

Given Plaintiff's failure to respond to this Court's findings and recommendations, the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of

---

[1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. *Hells Canyon Pres. Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

2

dismissal. *Id.* at 1227. More importantly, given the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address. *Id.* at 1228–29; *Carey*, 856 F.2d at 1441. The Court will therefore recommend that this action be dismissed based on Plaintiff's failure to prosecute this action.

### III.   Conclusion and Recommendation

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed, without prejudice, based on Plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b); Local Rule 183(b).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, under the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 2, 2022**          /s/ Barbara A. McAuliffe       _
                                    UNITED STATES MAGISTRATE JUDGE